UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

MARQUE DERRION CUMMINGS,

          Plaintiff,

v.                                                      Case No. 23-CV-1334

ANTHONY MATUSHAK,

          Defendant.

─────────────────────────────────────────────

### DECISION AND ORDER

─────────────────────────────────────────────

      Plaintiff Marque Derrion Cummings, who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. Cummings was allowed to proceed on an Eighth Amendment claim relating to the conditions of confinement because the defendant, Anthony Matushak, allegedly left him in a cell with feces for three days. Matushak filed a motion for summary judgment, which is fully briefed and ready for a decision. (ECF Nos. 21.) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 4, 13.)

### PRELIMINARY MATTER

      Cummings filed a sur-reply, though he did not move for leave to do so. Nevertheless, the court will consider his sur-reply where appropriate when deciding Matushak's motion for summary judgment. "The decision to permit the filing of a surreply is purely discretionary and should generally be allowed only for valid reasons, such as when the movant raises new arguments in a reply brief." *Merax-Camacho v.*

U.S., 417 F. App'x 558, 559 (7th Cir. 2011) (citing *Schmidt v. Eagle Waste & Recycling, Inc.,* 599 F.3 626, 631 n. 2 (7th Cir. 2010)). "In some instances, allowing a filing of a surreply 'vouchsafes the aggrieved party's right to be heard and provides the court with the information necessary to make an informed decision.'" *Univ. Healthsystem Consortium v. United Health Group, Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014) (quoting *In re Sulfuric Acid Antitrust Litg.,* 231 F.R.D. 320, 329 (N.D. Ill. 2005)).

Cummings's sur-reply provides clarity regarding his allegations and arguments. Thus, the court finds it useful in deciding the summary judgment motion.

**FACTS**

At all times relevant Cummings was incarcerated at Green Bay Correctional Institution, where Matushak was a Lieutenant. (ECF No. 23, ¶¶ 1-2.) At approximately 6:45 p.m. on May 7, 2023, Cummings states he was placed in the Restricted Housing Unit (RHU) in cell 322 on temporary lock up after a disciplinary violation. (ECF No. 34, ¶ 3.) Upon entering the cell, Cummings states he "became aware of a presence of feces under entire desktop" and on the inside of the door at the top of the door. (*Id.*, ¶ 4; ECF No. 36, ¶ 2.) He immediately and repeatedly used his emergency call button to let correctional staff know, but he was ignored. (ECF No. 34, ¶ 4.)

The next day, May 8, 2023, when Matushak was serving Cummings his conduct report, Cummings states he let Matushak know that his cell had feces in it. (ECF No. 34, ¶ 6.) Matushak told Cummings that he would speak to another staff member about the issue. (*Id.*) No one came to address the feces in Cummings's cell. (*Id.*) Besides asserting that he told Matushak on May 8 about the state of his cell, Cummings states

2

that Matushak would have been made aware of the condition of his cell because in his supervisory role he oversees the entire institution and is alerted about every security concern at the start of the shift. (ECF No. 33 at 4, 6.) Matushak asserts that he had no knowledge of the conditions of cell 322 or that Cummings ever complained about the state of cell 322. (ECF No. 23, ¶¶ 29, 32-33.)

Eventually, on May 10, 2023, Cummings was moved to cell 329. (ECF No. 34, ¶ 6.) He was exposed to feces for approximately three days. (*Id.*)

Matushak presents video evidence showing that, shortly before Cummings was placed in cell 322 on May 7, at approximately 6:45 p.m., two inmate workers, with the assistance of two correctional officers, power-washed the cell. (ECF No. 23, ¶¶17-22; ECF No. 24-1.) The cell was then cleaned with cleaning supplies from the janitorial cart. (*Id.*, ¶ 21.) At 7:06 p.m. non-defendant Sergeant Aaron Bamke inspected the cell. (*Id.*, ¶ 24.) Bamke inspected the cell a second time approximately 20 minutes later. (*Id.*, ¶ 25.) At 8:30 p.m., Cummings was placed in cell 322. (*Id.*, ¶ 26.) Cummings does not dispute that his cell was power washed but asserts that Matushak had an obligation to inspect his cell upon escorting him to RHU and failed to do so. (ECF No. 34 at 5.)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See*

3

*Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment a party cannot just rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

Cummings claims that Matushak violated his Eighth Amendment rights by allowing him to remain in a cell with feces in it for three days. "The Eighth Amendment can be violated by conditions of confinement in a jail or prison when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results 'in the denial of the minimal civilized measure of life's necessities' and (2) where prison officials are deliberately indifferent to this state of affairs." *Gray v. Hardy*, 826 F.3d

4

1000, 1005 (7th Cir. 2016) (citations omitted). To establish deliberate indifference, a plaintiff must demonstrate that the defendant was "aware of the conditions but failed to take reasonable measures to abate them." *Morris v. Ley*, 331 Fed. App'x 417, 420 (7th Cir. 2009).

The parties dispute whether Matushak was aware of the condition of Cummings's cell, but that dispute is immaterial. Taking the facts in the light most favorable to Cummings, and accepting that Cummings told Matushak on May 8 about the conditions of his cell, Cummings still fails to demonstrate that the conditions of his cell rose to an unconstitutional level.

Courts have found that, where there is "exposure to significant amounts of human feces along with other inhumane conditions, such as lack of access to water, clogged sewage pipes, and exposure to frigid temperatures," there may be a constitutional violation. *Lindell v. Pollard*, 558 F.Supp. 3rd 734, 750 (E.D. Wis. Sept. 3, 2021) (citing *Taylor v. Rojas*, 592 U.S. 7, 7 (2020). *See also Thomas v. Blackard*, 2 F. 4th 716, 720-21 (7th Cir. 2021) (finding a constitutional violation where prisoner was confined in a cell with feces-covered walls, no hot water, dead flies in his bed, and a mattress covered in human waste); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (finding a constitutional violation where the prisoner was in a cell for several days with no working sink or toilet and walls smeared with blood and feces).

At most Cummings demonstrates that there was feces on the underside of his desk and the top of the inside of his cell door for three days. He does not assert that he did not have access to running water or cleaning supplies. He does not assert that he

5

was exposed to other conditions such as bugs or extreme temperatures. He does not explain how the exposure negatively impacted him health-wise or that the exposure impeded his ability to eat, sleep, or bathe. Where a plaintiff "was not required to come into contact with the feces in order to eat, sleep, or bathe," without other conditions, there is no constitutional violation. *Lindell*, 588 F. Supp. 3d at 741. At most, Cummings's "minimal exposure to human feces, while undoubtedly unpleasant, did not pose a threat to his health or safety and was not so serious as to deprive him of basic human dignity." *Id*.

As such, even taking the facts in the light most favorable to Cummings, no reasonable factfinder could conclude that the conditions of his cell posed a serious risk to health and safety. Summary judgment is granted in favor of Matushak.

## CONCLUSION

For the foregoing reasons, Matushak's motion for summary judgment is granted. Matushak also argued that he was entitled to qualified immunity. Because the court found in his favor on the merits, it does not need to address the qualified immunity argument. Because there are no remaining claims, the case is dismissed.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Matushak's motion for summary judgment (ECF No. 21) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 4th day of September, 2025.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge